IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOEL BELLO, )
)
        Petitioner, )
)
v. ) 1:08CV184
) 1:05CR354-16
UNITED STATES OF AMERICA, )
)
        Respondent. )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

    Petitioner Joel Bello, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 448.)[1] Petitioner was indicted as one of twenty-three defendants in a drug conspiracy. He was charged in Count One of the indictment with participating in a conspiracy to distribute more than five kilograms of cocaine hydrochloride and a substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (Docket No. 1.) Petitioner later pled guilty to this charge (Docket Nos. 204, 205) and was sentenced to 72 months of imprisonment (Docket No. 286). His judgment was entered on June 28, 2006.

    Petitioner did not pursue a direct appeal. However, in October of 2007, he did file an application to proceed in forma pauperis and a motion under 18 U.S.C. § 3582 to reduce his sentence based on extraordinary and compelling circumstances. (Docket Nos. 427, 428.) In that motion, he sought to have his sentence reduced

---

[1]This and all further cites to the record are to the criminal case.

based on health problems and the fact that he faced deportation at the end of his sentence. The motion to reduce sentence was denied in January of 2008. (Docket No. 437.) On February 25, 2008, Petitioner filed a motion under § 2255. (Docket No. 440.) This motion was dismissed without prejudice based on certain defects. Petitioner then filed the present motion on March 18, 2008. The motion raises claims based mainly on his health conditions and deportability and his counsel's alleged failure to raise those issues at sentencing. (Docket No. 448.) Respondent has filed a motion to have it dismissed for being untimely filed. (Docket No. 464.) Petitioner has responded (Docket No. 478) and the motion to dismiss is now before the Court for a decision.

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. Id.; Fed. R. App. P. 4(b). Here, Petitioner did not pursue an appeal. Therefore, his conviction became final ten days after judgment was entered on June 28, 2006. Petitioner's first attempt at filing a § 2255 motion was dated February 14, 2008. This is well more than a year after Petitioner's conviction became final. Petitioner's motion is out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims are based on facts that existed and were known to him at the time of his conviction and sentencing. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not contest the facts and conclusions set out above. Instead, he argues that his health conditions prevented him from filing his motion in a timely fashion. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand,

unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

Here, Petitioner explains his failure to file a timely motion by claiming that his health conditions prevented him from filing earlier. He also relies on his ignorance of the law. However, Petitioner's health conditions (gout, arthritis, psoriasis, benign tumor) are chronic and ongoing. They were present at the time of his sentencing (Presentence Report ¶ 65), continued during the months following his judgment, and, according to his response, continue even now. Petitioner filed his motion to reduce his sentence based on extraordinary and compelling circumstances in October of 2007.[3] Since that time he has filed two motions under § 2255 with supporting memoranda, as well as other appropriate documents in pursuit of those motions. His submissions are lengthy and fairly well-organized. Petitioner does not explain why he

---

[3] Petitioner could have filed his § 2255 motion at least at that time, but did not. He still waited more that four months before filing his first § 2255 motion. This does not show the diligence necessary for equitable tolling to apply.

-5-

could not file anything at all for more than a year following his sentencing, but has been, for a number of months now, able to file motions and briefs in a timely fashion. He has not shown that his health problems prevented him from filing his § 2255 motion in a timely fashion or that he was diligent in pursuing that motion. Likewise, his ignorance of the law cannot excuse his late filing. <u>Harris</u> and <u>Turner</u>, <u>supra</u>. Petitioner is not entitled to equitable tolling, his motion is untimely, and Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 464) be **GRANTED**, that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 448) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

September 23, 2008